By the Court.—Dugro, J.
By section 3271, Code Civil Procedure, it is provided that in an action brought by or against an administrator in his representative capacity, the court may, in its discretion, require the plaintiff to give security for costs.
In the present case the court did so require, and upon this appeal the only question presented is, whether any grounds existed for the exercise of a discretion.
In order to determine this question it is well to inquire into the general principles upon which the Code provisions as to security for costs were based.
. It seems to have been deemed wise by the codifiers to assume the pecuniary responsibility of plaintiffs, except in certain specified cases where from the nature of the case irresponsibility was apparent, or deemed proper to be assumed. In the excepted cases the plaintiffs were required by the Code provisions to give security for costs, for instance, as of the class first referred to, an infant whose guardian ad litem had not given security, and in the second class, among others, non-residents and foreign corporations. Where irresponsibility was certain, security was generally required; the right of application for leave to sue in forma pauperis, however, being accorded.
In a case such as the present, it seems in harmony with the policy adopted by the codifiers to assume the responsibility of the plaintiff. If irresponsibility is, however, conceded, it would naturally follow, that this circumstance would suffice to make a prima facie case for the requirement of security. It may be sufficient to meet this case that an administrator satisfy the court that he has á good cause of action.
In the case presented sufficient appears to make it *131 unnecessary to pass upon the question above referred to. It seems that the allegations of the complaint are upon information and belief, and that the court was not informed of the sources of the information. This fact, in view of the specific statements in the affidavits submitted on behalf of the defendant as to the circumstances of the accident, supplied sufficient ground for the exercise of discretion by the learned judge below.
Upon the concession of pecuniary irresponsibility, it certainly became the duty of the plaintiff upon the motion to satisfy the court that he had a good cause of action, and this it must be assumed he failed to do.
Order affirmed, with $10 costs.
Sedgwick, Ch. J., and Truax, J., concurred.